# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ZAMPERLA, INC.; and ANTONIO
ZAMPERLA, SpA,

        Plaintiffs,

v.                                              Case No. 6:13-cv-1811-Orl-37KRS

S.B.F. S.R.L.,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Defendant S.B.F. S.R.L. Special Appearance and Motion for Leave to File a Reply in Further Support of its Motion to Quash (Doc. 53), filed February 21, 2014;

2. Zamperla Plaintiffs' Response in Opposition to Defendant S.B.F.'s Motion for Leave to File Reply Brief (Doc. 54), filed February 25, 2014;

3. Zamperla Plaintiffs' Motion for Preliminary Pre-Trial Conference (Doc. 73), filed March 17, 2014; and

4. Defendant S.B.F. S.R.L. Special Appearance and Response in Opposition to Plaintiffs' Motion for Miscellaneous Relief (Doc. 78), filed March 19, 2014.

On November 21, 2013, Plaintiffs initiated this action for trade dress infringement against Defendant S.B.F. S.R.L., which is a "foreign corporation organized under the laws of Italy with its principal place of business in Padova, Italy." (Doc. 29, ¶ 5; Doc. 1.) On December 4, 2013, Defendant appeared in this action by filing an unopposed motion

for enlargement of time to respond to the Complaint. (Doc. 11; *see also* Doc. 12.) The appearance was made "without waiving Defendant's right to seek dismissal based on lack of personal jurisdiction or any other defense." (*See* Docs. 11, 12.) Magistrate Judge Karla R. Spaulding granted Defendant's request for an extension of time. (Doc. 13.) Defendant filed additional requests for extension of time (Docs. 19, 25), after which Plaintiffs filed an Amended Complaint (Doc. 29). Defendant then made additional limited appearances in this action to request that the Court quash service of process and dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(5). (Docs. 35–36; *see also* Docs. 30–32.)

Pursuant to the Local Rules of this Court, any response in opposition to the motion to quash was to be filed on or before February 18, 2014. *See* Local Rule 3.01(b). Further, the Local Rules prohibit either party from filing "any reply or further memorandum directed to the motion or response." *See* Local Rule 3.01(c). If a party wishes to file a reply or further memorandum, it is required to request leave to do so, which request shall "not exceed three (3) pages, shall specify the length of the proposed filing, and shall not include, as an attachment or otherwise the proposed motion, response, reply, or other paper." *See* Local Rule 3.01(d). Finally, the Local Rules require moving parties to "confer with counsel for the opposing party in a good faith effort to resolve the issues raised" by the moving party, and to "file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion." *See* Local Rule 3.01(g). Importantly, it is **insufficient** to certify that "opposing counsel was unavailable for a conference before filing a motion." *See id.*

Plaintiffs filed a timely response to the motion to quash and separately filed several declarations. (Docs. 46–49.) Thereafter, the parties filed numerous documents in plain derogation of the Local Rules. In particular, Defendant's filing of a memorandum and numerous declarations (Docs. 60–66) was unauthorized and untimely. Plaintiffs' recent filing of a response in opposition to the motion to quash (Doc. 77) also was out of time and unauthorized. Accordingly, the Court will strike all of the unauthorized filings. Further, given the Defendant's blatant and repeated disregard of the Local Rules, the Defendant's motion to file a reply is due to be denied. (Doc. 53.)

Also pending before the Court is the Plaintiffs' request for a preliminary pre-trial conference. (Doc. 73.) Although the Court agrees that a hearing is warranted, the Plaintiffs' request is due to be denied as moot. This matter is set for a hearing at 9:00 a.m. on April 4, 2014. (Docs. 59, 75.) At the hearing, the Court will address the professional obligations of counsel appearing in this action and how best to expeditiously resolve this matter—including Defendant's challenge to the Court's exercise of personal jurisdiction. In particular, the Court will consider a request for limited jurisdictional discovery and may deny the Motion to Quash with leave to reassert, or it may provide a revised briefing schedule pending completion of jurisdictional discovery. In any event, the Court will countenance no further violations of the Local Rules—including Local Rule 3.01(g). Any further documents filed in derogation of the Local Rules and this Court's Orders will be stricken, and the Court will consider additional sanctions.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant S.B.F. S.R.L. Special Appearance and Motion for Leave to File a Reply in Further Support of its Motion to Quash (Doc. 53) is **DENIED.**

3

2. Zamperla Plaintiffs' Motion for Preliminary Pre-Trial Conference (Doc. 73) is **DENIED AS MOOT**.

3. The Clerk is **DIRECTED TO STRIKE** the following documents from the docket—60, 61, 62, 63, 64, 65, 66, 67, and 77.

4. The parties are advised that future violations of the Local Rules or this Court's Orders will result in additional sanctions.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 21, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record