UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ZAMPERLA, INC.; and ANTONIO
ZAMPERLA, SpA,

        Plaintiffs,

v.                                    Case No. 6:13-cv-1811-Orl-37KRS

S.B.F. S.R.L.,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Defendant S.B.F. S.r.L.'s Special Appearance and Motion to Quash and Dismiss (Doc. 35), filed January 31, 2014;

2. Defendant S.B.F. S.r.L.'s Memorandum of Law in Support of its Motion to Quash (Doc. 36), filed January 31, 2014; and

3. Zamperla Plaintiffs' Response in Opposition to Defendant S.B.F.'s Motion to Quash (Doc. 46), filed February 18, 2014.

## BACKGROUND

On November 21, 2013, Plaintiffs—an Italian corporation and a New Jersey corporation—initiated this action for breach of contract and unfair competition under the Lanham Act and Florida law. (Doc. 1.) Defendant S.B.F. S.r.L. is a "foreign corporation organized under the laws of Italy with its principal place of business in Padova, Italy." (Doc. 29, ¶¶ 2, 3, 5; Doc. 1.) On January 31, 2014, Defendant made a special appearance to move the Court to quash service of process pursuant to Federal Rules of Civil Procedure 12(b)(5). (Docs. 35–36.) In support of its motion, Defendant filed the

declarations of its employee, Augusto De Santi (Doc. 35-3), Defendant's counsel, Valeria Calafiore Healy (Doc. 35-1), and its President, Sandro Frison (Doc. 35-2). Plaintiffs responded (Doc. 36), and filed the declarations of process server, Timothy P. Carithers (Doc. 48), Plaintiffs' president, Valerio Ferrari (Doc. 47), and paralegal, Ivonne Nieves (Doc. 49). Defendant's request for leave to file a reply was denied. (Doc. 79). On April 4, 2014, the parties presented their respective positions at a hearing (Doc. 83), and the motion is now ripe for adjudication.

## STANDARDS

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir.1990); *see also Bank of Am., N.A. v. Bornstein*, 39 So. 3d 500, 502 (Fla. 4th DCA 2010) ("Absent strict compliance" with statutes governing service of process, "the court lacks personal jurisdiction over the corporation."). Pursuant to Federal Rule of Civil Procedure 12(b)(5), a party may seek dismissal for insufficient service of process, and the "party effecting service has the burden of establishing its validity." *See Diamond Sys., LLC v. FMC Corp.*, No. 6:13-cv-1303-Orl-22TBS, 2013 WL 6051531, at *2 (M.D. Fla. Nov. 15, 2013) (citing *Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir.1980)); *see also Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir.1986) ("A plaintiff has the burden of sustaining validity of service to invoke long-arm jurisdiction in the Florida courts.").

Under the Federal Rules, service of process on a foreign corporation can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P.

4(h)(1), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon foreign corporations. "A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director." *Landmark Fin'l Solutions, LLC v. Sanchez*, No. 2:13-cv-214-FtM-38CM, 2014 WL 759847, at *1 (M.D. Fla. Feb. 26, 2014) (citing Fla. Stat. § 48.081(1)(a)-(d)). "If a foreign corporation has none of the foregoing officers or agents in [Florida], service may be made on any agent transacting business for it in [Florida]." § 48.081(2), Fla. Stat.; *see also Cavic v. Grand Bahama Dev. Co., Ltd.*, 701 F.2d 879, 887 (11th Cir. 1983). "For service of process on an agent or employee of a corporation to be effective, the return of service must show the absence of the 'statutorily prescribed superior classes of persons who may be served.'" *Gonzalez v. The Pep Boys-Manny, Moe & Jack, Inc.*, No. 6:07-cv-627-Orl-31UAM, 2008 WL 151874, at *2 (M.D. Fla. Jan. 15, 2008) (quoting *Saridis v. Vista St. Lucie Ass'n, Inc.*, 804 So. 2d 372, 373 (Fla. 4th DCA 2001)); *see also Bank of Am., N.A.*, 39 So. 3d at 504 (finding service was defective where server delivered documents to bank teller without first determining that a superior officer was unavailable).

## DISCUSSION

Here, Defendant admits that its employee, Augusto De Santi, was in Orlando at a trade show for the International Association of Amusement Parks and Attractions from November 18 to 22, 2013. (Doc. 36, pp. 3–4.) The return of service provides that Mr. Carithers delivered true and correct copies of the Summons and Complaint to Mr. De Santi on November 21, 2013, at 11:47 a.m., at Defendant's booth in the Orlando Convention Center – Exhibit Hall, 9899 International Drive, Orlando, Florida 32819.

(Doc. 28.) Defendant contends that such service was ineffective because Mr. Carithers does not attest that he first attempted to serve Defendant's vice president, cashier, treasurer, general manager, or director as explicitly required under Section 48.081. (Doc. 36, pp. 10–11.) Plaintiffs' return of service is silent concerning Mr. Carithers' attempt to serve the statutory superior corporate officers. (*See* Doc. 28.) Mr. Carithers further describes his service efforts in a sworn declaration:[1]

> I walked up to the SBF booth on the trade show floor and I inquired as to the whereabouts of Mr. Vittorio Frison, who I understood from the Summons to be a Principal/Officer of SBF. I was told Mr. Frison was not there. Pursuant to the Summons and Section 48.081, I then asked to speak with the president, vice president, or any other officers of the corporation, and if not, whoever is in charge. In response, they brought to me Mr. Augusto De Santi, who provided me with a business card reflecting his title as the Export Manager of SBF.

(Doc. 48, ¶ 4.)

Like the return of service, the sworn declaration includes no reference to Defendant's cashier, treasurer, general manager, or director; and Plaintiffs cite no law to support a finding that Mr. Carither's service on Mr. De Santi after a general inquiry to an unidentified person at the Convention Center sufficiently complies with Florida law. (*See* Doc. 46.) Accordingly, Plaintiffs have not met their burden to establish effective service of process, and Defendant's motion is due to be granted.[2] *See Bank of Am., N.A.*, 39

---

[1] Consideration of Mr. Carither's declaration is appropriate under Rule 4(l)(3)—"The court may permit proof of service to be amended."

[2] Because the return of service is silent on this matter, it is not "regular on its face," and Plaintiffs are not entitled to a presumption of validity. *See Haueter-Herranz v. Romero*, 975 So. 2d 511, 518 (Fla. 4th DCA 2008) (noting that a return of service is entitled to a "presumption of validity" only if it is "regular on its face"); *The Pep Boys-Manny, Moe & Jack, Inc.*, 2008 WL 151874, at *2 (dismissing action for failure to perfect service and prosecute where plaintiff did not establish that superior classes of persons were unavailable before service on an "Operations Specialists"); *Bank of Am., N.A.*, 39 So. 3d at 504; *Gonzalez v. Totalbank*, 472 So. 2d 861, 863–64 (Fla. 3d DCA 1985) (holding that no presumption of validity arose from return of service that was silent as to

4

So. 3d at 504; *Howard v. Otis Elevator*, No. 6:09-cv-948-Orl-19KRS, 2010 WL 916660, *1 (M.D. Fla. Mar. 11, 2010) (holding service was deficient because plaintiff failed to show that superior officers were absent when service was attempted); *Hess Corp. v. Fla.-Ga. Trucking, Inc.*, No. 3:08-CV-883-J-34TEM, 2009 WL 248236, *2 (M.D. Fla. Jan. 30, 2009) (finding service ineffective absent evidence that the process server attempted to serve "on any inferior employees, such as Defendant's cashier, treasurer, secretary, general manager, or in their absence, on Defendant's director, officer, or business agent"); *Woodbery v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 234–35 (M.D. Fla. 1993) (noting that Florida law requires strict compliance with its service of process statutes, and plaintiff did "not adequately" show that "there had been an attempt to serve any of the superior classes of officers or agents of Defendant in accordance with the hierarchy as set out in § 48.081").

Rule 4(m) imposes a 120-day time limit to effectively serve process; however, by its terms, the Rule does not apply to service in a foreign country. Accordingly, the Court will establish its own deadline for Plaintiffs to serve Defendant—July 11, 2014. On or before that date, Plaintiffs shall either obtain a waiver of service pursuant to Rule 4(d), or file a proof of service in accordance with Rule 4(l)(2).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant S.B.F. S.r.L.'s Special Appearance and Motion to Quash and Dismiss (Doc. 35) is **GRANTED**.

---

the name and age of person provided substitute service). *But see Koster v. Sullivan*, 103 So. 3d 882, 884 (Fla. 2d DCA 2012) (certifying question to the Florida Supreme Court whether factors defining the manner of service must be included in a return of service before service is presumed valid), *cert. granted*, 130 So. 3d 692 (Fla. 2013).

2. Plaintiffs' proof of service (Doc. 27) is **QUASHED**.

3. On or before July 11, 2014, Plaintiffs shall either file proof of service in accordance with Rule 4(l)(2), or a obtain a waiver of service pursuant to Rule 4(d).

4. If Plaintiffs fail to comply with the requirements of this Order in the time prescribed, this action may be dismissed for failure of service pursuant to Rule 12(b)(5).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 10, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record